**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　Plaintiff,<br><br>vs.<br><br>JOHN HOWARD AXELGARD,<br><br>　Defendant. | Case No. 2:17-cr-00111-KJD-VCF<br><br>STIPULATED PROPOSED ORDER FOR EXTENDED COMMITMENT FOR THE PURPOSE OF RESTORING COMPETENCY |

On August 2, 2017, the Court issued an order granting the Motion for a Competency Exam filed by the government under the authority of 18 U.S.C. §4241. *See Docket #33.* In a report dated December 8, 2017, and produced to the Court under seal, Jacob X. Chavez, Psy. D. concluded that Defendant was not presently competent to stand trial. On January 22, 2018, the Court conducted a hearing with counsel for the Defendant and for the Government participating via telephone. All parties acknowledged receipt of the report and determination and did not object to the finding that Defendant was not presently competent to stand trial. For the reasons discussed at the hearing and contained in the report of Dr. Chavez, the Court concluded that Defendant's mental incompetence to stand trial had been established by a preponderance of the evidence and ordered the continued commitment of the Defendant, for a period not to exceed four months, to determine whether there was a substantial probability that he could be restored to

competence in the foreseeable future. *See Docket #42*. The Court also ordered a new psychological report to be filed with the Court upon the conclusion of the commitment period. *Id.* On June 14, 2018, the Court notified the parties that the psychological report had been received and ordered the clerk to distribute the report to all the parties. *See Docket #44*. The Court also set a new competency hearing for July 3, 2018. *Id.* The parties have now advised the Court that they have reviewed the psychological report and conferred with another. Both parties agree with the psychiatrist's conclusion that the Defendant is currently incompetent to stand trial and the report's recommendation that the Defendant remain committed for a period of another four months while continuing his treatment and medication. The parties have represented to the Court their agreement that the report's recommendation is in the best interest of the defendant and in the best interest of justice. The parties also agree that if competency has not been restored at the conclusion of this treatment period, the parties will proceed with the understanding that competence will not be restored in the foreseeable future. After considering the position of the parties and the report itself, the Court concurs and finds that of this date the Defendant remains incompetent to stand trial and that continued treatment and medication for a period not to exceed four months is in the interest of justice. Therefore, the need for a hearing is now moot.

WHEREFORE, IT IS HEREBY ORDERED, that pursuant to 18 U.S.C. §4241(d), Defendant shall be committed to the custody of the Attorney General for continued hospitalization for a reasonable period of time, not to exceed four months, as is necessary

to determine whether there is a substantial probability that in the foreseeable future Defendant will become competent to stand trial.

IT IS FURTHER ORDERED that, pursuant to 18 U.S.C. §4247, a psychiatric or psychological report be filed with the Court on or before September 21, 2018, or at the time Defendant is determined to become competent to stand trial, whichever comes first, and that copies of said report are to be provided to:

> Kathryn N. Nester
> Federal Public Defender
> 46 W. Broadway, Suite 110
> Salt Lake City, UT 84101

> Veda M. Travis
> Assistant United States Attorney
> 111 S. Main, Suite 1800
> Salt Lake City, UT 84111.

IT IS FURTHER ORDERED that Speedy Trial time be tolled pursuant to 18 U.S.C. §§ 3161(h)(1)(a). The Court FINDS that failure to grant such a continuance under the Speedy Trial Act in this proceeding would make a continuation of such proceeding impossible because the defendant's mental competency is integral towards the defendant proceeding to trial; entering a guilty plea; or having the criminal charge dismissed because of defendant's mental incompetency. Finally, this Court FINDS that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

The date of the clerk's file mark shall constitute the date of this order.

Accordingly,

IT IS HEREBY ORDERED that the competency hearing scheduled for 2:00 PM, July 3, 2018, is VACATED.

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
DATED: 6-27-2018